IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| ALBERT WOODS AND NARDA WOODS, | )( )( )( |
| PLAINTIFFS, | )( )( |
| v. | )(   No. _____ )( |
| UNITED STATES OF AMERICA, JAMES WELLS, M.D. and JOSHUA CERNA, P.A., | )( )( )( )( |
| DEFENDANTS. | )( |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Come now Plaintiffs, ALBERT AND NARDA WOODS complaining of the UNITED STATES OF AMERICA, JAMES WELLS, M.D. and JOSHUA CERNA, P.A., and would respectfully show the Court the following:

**I.**

This action arises under the Federal Tort Claims Act, 28 U.S.C., Section 1346(b) and 2661 et seq, and under common law negligence of the State of New Mexico.

**II.**

Plaintiffs reside in Alamogordo, New Mexico. The acts of negligence occurred in El Paso, Texas and Alamogordo, New Mexico. Narda Woods is the spouse of Albert Woods.

**III.**

At all relevant times, Defendant United States of America, by and through the U.S. Army, owned and operated William Beaumont Army Medical Center in El Paso, Texas.

1

At all relevant times, Defendants James Wells, M.D. and Joshua Cerna, P.A., were health care providers practicing in the Emergency Department of Gerald Champion Regional Medical Center.

## IV.

On September 20, 2013, Plaintiff Albert Woods sought care at William Beaumont Army Medical Center (herein after "Beaumont") for a painful and swollen left leg.   He was assessed in the Emergency Department and found to have a deep vein thrombosis that required anti-coagulation.   Plaintiff was placed on an anti-coagulant and admitted to Beaumont.

## V.

On the morning of September 21, 2013 Plaintiff Albert Woods was discharged from Beaumont to return to his home in Alamogordo, to continue to take the prescribed anti-coagulant. By the time he arrived home on September 21st, Plaintiff's pain had increased. Narda Woods called Beaumont to speak with the physician that had discharged her husband. After some time passed the physician returned her call and advised that Albert Woods should use alternating hot and cold packs. The physician advised she would call to check on Albert Woods in the morning.

## VI.

On September 22nd, Narda Woods called the physician as the physician had not contacted the Plaintiffs as advised. Narda Woods reported that Albert's leg was three times normal and was weeping a fluid through the skin.   The physician advised that the Woods seek care at Gerald Champion Regional Medical Center in Alamogordo.

**VII.**

On September 22, 2013 Plaintiffs sought care for Albert Woods at Gerald Champion Regional Medical Center for Albert Woods' painful and swollen leg. Defendant James Wells, M.D., was the emergency physician in charge of medical care at Gerald Champion's emergency department at that time. However, Plaintiff was only evaluated by a physician assistant, Defendant Joshua Cerna, who advised Plaintiffs that he did not know the cause of Albert Woods' leg problem, but the Plaintiffs could go home and return to Beaumont the following day. Albert Woods was never assessed by Defendant James Wells, M.D., even though Defendant James Wells, M.D., had the responsibility to oversee and review the care provided by Defendant Joshua Cerna, P.A.

**VIII.**

Plaintiffs returned to Beaumont's Emergency Department the next day, September 23rd, as advised by Defendant Joshua Cerna, P.A. Albert Woods was immediately admitted to Beaumont as he was at risk of losing his leg due to having a compartment syndrome. Compartment syndrome is a condition in which the muscles are at risk of or in the process of dying due to lack of circulation caused by increased pressure that impedes blood flow. Plaintiff underwent emergency surgery to decompress the muscles in his left leg. The compartment syndrome was caused by pressure on Plaintiff's leg muscle from a large blood clot.

**IX.**

Increased bleeding is a known risk of anti-coagulant medications.

**X.**

Albert Woods was urgently taken to surgery on September 23rd, in an effort to

3

decompress his leg and save leg muscle. Due to the delay in diagnosis and treatment, Albert Woods suffered numerous complications of the compartment syndrome, including sepsis and renal failure. He still suffers from the complications caused by the delay in diagnosis and treatment.

**XI.**

At all times herein mentioned, Albert Woods was treated by doctors, nurses and other medical staff, some of which are unknown to the Plaintiff, all of whom were employed as doctors, nurses, agents, and other medical assistants at William Beaumont Army Medical center in   El Paso, Texas. In doing or omitting to do all of the things alleged herein, the agents/employees of Beaumont were acting within the course and scope of their employment, and with the permission and consent of the Defendant United States of America.

**XII.**

Agents/employees of the United States of America were careless, reckless, and negligent in that they failed to adhere to the standard of care observed by physicians, nurses and their assistants in the El Paso, Texas, area in that they:

a. Prescribed an anticoagulant that had an increased risk of bleeding as compared to other anticoagulants;

b. Failed to properly assess Albert Woods prior to discharging him from Beaumont on September 22, 2013;

c. Failed to provide proper advice to Plaintiffs on September 22nd after Albert Woods arrived home;

d. Failed to perform a proper differential diagnosis;

e. Failed to discuss Albert Woods' condition with the health care providers at Gerald Champion Regional Medical Center;

## VII.

James Wells, M.D., was careless, reckless, and negligent in that he failed to adhere to the standard of care observed by emergency physicians in New Mexico in that he:

a. Never evaluated Albert Woods but allowed Joshua Cerna, P.A., a health care provider with inadequate education, training and experience, to assess Albert Woods;

b. Failed to obtain a consultation from an orthopedist;

c. Failed to perform a differential diagnosis;

d. Failed to do a proper work-up;

e. Failed to discuss Albert Woods condition with Plaintiff's physician at Beaumont;

f. Failed to timely transport Albert Woods to a medical facility that could evaluate and treat him, and,

g. Discharged Albert Woods in an unstable condition.

## VIII.

Joshua Cerna, P.A., was careless, reckless, and negligent in that he failed to adhere to the standard of care observed by physician assistants in New Mexico in that he:

a. Evaluated Albert Woods while lacking the necessary education, training and experience;

b. Failed to consult with James Wells, M.D.;

c. Failed to obtain a consultation from an orthopedist;

d. Failed to perform a differential diagnosis;

e. Failed to do a proper work-up;

f. Failed to discuss Albert Woods condition with Plaintiff's physician at Beaumont;

g. Failed to timely transport Albert Woods to a medical facility that could evaluate and treat him; and,

h. Discharged Albert Woods in an unstable condition.

## IX.

Albert Woods suffered the following damages, both past and future:

a. Physical pain, suffering, and mental anguish;

b. Loss of enjoyment of life;

c. Disfigurement;

d. Physical impairment;

e. Medical care and expense;

f. Decreased life expectancy; and

g. Loss of chance.

## X.

Narda Woods has suffered the following damages, both past and future:

a. Loss of household services

b. Loss of companionship; and,

c. Inconvenience.

## XI.

By reason of the foregoing the Plaintiff has been damaged in the sum of $2,500,000.00.

## XII.

On or about March 14, 2014, Plaintiffs filed an administrative claim with the U.S. Army Claims in the sum of TWO MILLION DOLLARS FIVE HUNDRED THOUSAND DOLLARS ( $2,500,000.00). The claim has been pending for more than six (6) months.

## XIII.

Plaintiffs demand a trial by jury pursuant to Fed. R. Civ. P. 38(b)(1).

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited and served to appear and answer, and upon final trial of this cause, Plaintiff have judgment against the Defendants, jointly and severally, in the sum of $2,500,000.00; Plaintiffs be awarded their costs incurred in this litigation; Plaintiffs be awarded pre-judgment and post-judgment interest; and for such other and further relief, both general and special, at law and in equity to which Plaintiffs may be justly entitled.

Respectfully submitted,

THE PICKETT LAW FIRM, LLC.

   */s/ Mark L. Pickett*
MARK L. PICKETT
P.O. Box 1239
Las Cruces, NM 88004-1239
Telephone: (575) 526-3338
Facsimile: (575) 526-6791
Email: mark@picklawllc.com

and

                */s/ John Grost*
                JOHN GROST
                619 E. Crosby Avenue
                El Paso, Texas 79902
                (915) 533-6001
                (915) 533-6077 (*FAX*)
                Texas State Bar No. 08548200
                E-Mail: john@johngrostlaw.com